ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHNNY ORTEGA,                                                            Case No.: 21-cv-2709

                          Plaintiff,                                           COMPLAINT AND
                                                                JURY DEMAND

      -against-

THE CITY OF NEW YORK and POLICE OFFICER
KEVIN J. BELSUMMER,

                                  Defendants.
-------------------------------------------------------------------X

       Plaintiff, JOHNNY ORTEGA, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

INTRODUCTION:

       1.      This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK and POLICE OFFICER KEVIN J. BELSUMMER, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

       2.      Plaintiff, JOHNNY ORTEGA, alleges that on or about June 23, 2018, defendants committed wrongful and illegal acts against Plaintiff, including using excessive force against the Plaintiff, causing irreversible and irreparable physical injury to his right elbow and other soft tissue, in violating Plaintiff's Constitutional and civil rights.

JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff, JOHNNY ORTEGA, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, Defendant POLICE OFFICER KEVIN J. BELSUMMER was at all times relevant to this action an officer employed by the New York

City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER KEVIN BELSUMMER was assigned to PSA 3 precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, defendant POLICE OFFICER KEVIN BELSUMMER was acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER KEVIN BELSUMMER.

12. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or

negligently causing physical injury, use of excessive force in effecting arrest, intimidation, intentional and/or negligent infliction of emotional distress of Plaintiff.

14. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

15. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

16. On or about June 23, 2018, Ana Lugo, Plaintiff former's girlfriend and mother of his two children, reported to the New York Police Department certain of acts of domestic violence that were allegedly perpetrated by the Plaintiff.

17. Upon information and belief, Defendant POLICE OFFICER KEVIN J. BELSUMMER and his partner arrived at the Plaintiff's home located at 101 Stagg Walk, Brooklyn, New York in the evening of June 23, 2018.

18. Upon arriving at the Plaintiff's apartment, Defendant POLICE OFFICER KEVIN J. BELSUMMER and his partner.

19. Plaintiff opened the front door and invited the Plaintiff into the apartment.

20. Defendant POLICE OFFICER KEVIN J. BELSUMMER advised the Plaintiff that his "girlfriend" had called the police.

21. That Plaintiff requested that Defendant POLICE OFFICER KEVIN J. BELSUMMER and his partner leave his home and he walked into the living room of the apartment.

22. That Defendant POLICE OFFICER KEVIN J. BELSUMMER's partner walked into the living room and started to tell the Plaintiff about the allegations made by the Ana Lugo.

23. The Plaintiff advised Defendant POLICE OFFICER KEVIN J. BELSUMMER's partner that the allegations were untrue.

24. That Defendant POLICE OFFICER KEVIN J. BELSUMMER ran up to the Plaintiff, grabbed the Plaintiff's right arm, twisted it behind Plaintiff's back, and tackled Plaintiff to the floor.

25. That Plaintiff landed on this right elbow and right side of his face when hitting the floor.

26. That Defendant POLICE OFFICER KEVIN J. BELSUMMER handcuffed the Plaintiff while he was on the floor.

27. Upon information and belief, the Plaintiff was relocated to PSA 3 or the 90th Precinct.

28.     While at the precinct, Plaintiff complained of pain in his right arm and requested medical attention.  Defendant POLICE OFFICER KEVIN J. BELSUMMER ignored the Plaintiff's requests.

29.     While Plaintiff was in the Defendants' custody, Defendant POLICE OFFICER KEVIN J. BELSUMMER wrote up paperwork stating that Plaintiff had, amongst other things, assaulted Ana Lugo.

30.     Defendant POLICE OFFICER KEVIN J. BELSUMMER forwarded the allegations to the Kings County District Attorney's office.

31.     Plaintiff was relocated to central booking from PSA 3.

32.     While at central booking, the Plaintiff complained of pain to his right elbow from the attack of POLICE OFFICER KEVIN J. BELSUMMER that he was relocated to NYU Langone, Cobble Hill - Emergency Department to be treated for his injuries.

33.     Plaintiff was diagnosed with a left elbow fracture at NYU Langone, Cobble Hill - Emergency Department.

34.     On June 24, 2018, Plaintiff was arraigned and charged with violating Penal Law § 120.00(1), Assault in the Third Degree; Penal Law § 121.11(A), Criminal Obstruction of Breathing or Blood Circulation; Penal Law § 110/120.00(1), Attempted Assault in the Third Degree; Penal Law §120.15, Menacing in the Third Degree; Penal Law § 240.26(1), Harassment in the Second Degree.

35. The Plaintiff was released on his own recognizance at arraignment.

36. That Plaintiff continued to receive medical treatment for his broken elbow at Woodhull Medical and Mental Health Center in Brooklyn, New York.

37. On January 9, 2019, the criminal proceeding was dismissed and sealed.

38. As a direct and proximate result of the action of the Defendants THE CITY OF NEW YORK and POLICE OFFICER KEVIN J. BELSUMMER, Plaintiff was physically assaulted resulting in irreparable physical injury to his face and elbow, and suffered severe emotional distress.

39. As a direct and proximate cause of defendants actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

40. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

41. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain,

thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

42. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE (POLICE OFFICER BELSUMMER)

43. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-48 of this complaint, as though fully set forth therein.

44. On June 23, 2018, in the vicinity of 101 Stagg Walk, Brooklyn, New York, KEVIN J. BELSUMMER without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of Plaintiff such that Plaintiff was injured.

45. That the defendants, their agents, servants and employees, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of their employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, while effecting an arrest of Plaintiff, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

46.     By reason of the aforesaid, Plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

47.     The acts and conduct of Defendants POLICE OFFICER KEVIN J. BELSUMMER, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

SECOND CLAIM: DELIBERATE INDIFFERENCE TO THE PLAINTIFF'S
SERIOUS MEDICAL NEEDS PURSUANT TO 42 U.S.C. § 1983
(POLICE OFFICER BELSUMMER)

48.     Plaintiff repeats and realleges the allegations contained in paragraphs 1-46 of this complaint as though fully set forth therein.

49.     Defendants POLICE OFFICER KEVIN J. BELSUMMER, with deliberate indifference to, and with reckless disregard for the life and safety of the Plaintiff, failed to the Plaintiff's repeated requests to receive proper medical treatment.  Defendant refused to allow the Plaintiff to obtain proper medical treatment while being actually aware of, and with deliberate indifference to, the fact that there was a substantial risk that serious harm to Plaintiff.

50.     The conduct of Defendants POLICE OFFICER KEVIN J. BELSUMMER, in failing to attend to the Plaintiff's medical needs, was intentionally injurious, reckless, callous, and/or grossly negligent, because Defendant was aware of, or should have been aware of, the Plaintiff's medical needs and medical condition.  The Plaintiff repeatedly informed Defendant that his arm was in pain, but the Defendants deliberately, willfully and recklessly refused to allow the Plaintiff to receive medical attention.

51. Defendant POLICE OFFICER KEVIN J. BELSUMMER either knew or should have known that failure to provide timely medical treatment to the Plaintiff could result in significant injury or the unnecessary and wanton infliction of pain.  Nonetheless, Defendant disregarded that serious medical need, causing the Plaintiff great bodily harm and pain and suffering.

52. As a result of the foregoing, Defendant POLICE OFFICER KEVIN J. BELSUMMER, acting under the color of law, violated 42 U.S.C. § 1983 *et seq.* and deprived the Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Eighth, Fourth and Fourteenth Amendments and other rights, the right to be free from cruel and unusual punishment, and the privileges and immunities guaranteed by the law and Constitution of the United States.

53. As a result the Plaintiff suffered extreme pain and severe physical injuries.

54. As a result of the foregoing, Plaintiff demands monetary damages against Defendants POLICE OFFICER KEVIN J. BELSUMMER and further seeks punitive damages against the Defendants in an amount to be determined by jury.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1-53 of this complaint and though fully set forth therein.

56. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

57.     These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the Plaintiff under the New York Penal Law when the police used excessive force in an attempt to cover up their wrongdoing.

58.     Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the Plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of Plaintiff that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause injury and violate his constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

59.     Upon information and belief, defendant THE CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and

managing such stress, inter alia, the structure was deficient, at the time of selection of detectives, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

60. This type of intentional misconduct and deliberate indifference is evidenced by decisions of the courts of the State of New York finding that NYPD and its employees engaged in various acts of misconduct including but not limited to failing to investigate and generally failing to act in a reasonable, professional and honest capacity. These decisions include but are not limited to: Riddick v. City of New York, 4 A.D.3d 242 (1st Dept. 2004); Bonefant v. Kelly, 306 A.D.2d 108 (1st Dept. 2003); Wagner v. Kerik, 298 A.D.2d 322 (1st Dept. 2002); Seligson v. Kerik, 295 A.D.2d 262 (1st Dept. 2002); Foy v. Safir, 277 A.D.2d 169 (1st Dept. 2000); Titone v. Safir, 277 A.D.2d 161 (1st Dept. 2000); Castro v. Safir, 277 A.D.2d 123 (1st Dept. 2000); Mieles v. Shafir, 272 A.D. 199 (1st Dept. 2000); Sannuti v. Safir, 261 A.D.2d 153 (1st Dept. 1999); Brovakos v. Bratton, 254 A.D.2d 32 (1st Dept. 1998); Ranalli v. Safir, 250 A.D.2d 507 (1st Dept.

1998); Vasquez v. Safir, 250 A.D.2d 448 (1ˢᵗ Dept. 1998); People v. Kenrick, 162 Misc.2d 75 (Crim.Ct., N.Y.Co 1994); Hickey v. Ward, 161 A.D.2d 495 (1ˢᵗ Dept. 1990); People v. Bermudex, 2009 WL 382327 (Sup.Ct., N.Y.Co.2009);

    61.    As a result of the foregoing conscious policies, practices, customs and/or usages, defendant THE CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

    62.    The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-61 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

    63.    The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-61 deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from assault and battery, the

excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

64. By these actions, defendant CITY OF NEW YORK has deprived Plaintiff of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

65. As a result of the foregoing, Plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

PLAINTIFF DEMANDS TRIAL BY JURY

PRAYER FOR RELIEF:

WHEREFORE, Plaintiff JOHNNY ORTEGA requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

Dated: Brooklyn, New York
May 14, 2021

*/s/ Alexander M. Dudelson*
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306

Brooklyn, New York 11242
(718) 855-5100